UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WILLIAM BUCANO                                               CIVIL ACTION

v.                                                           NO. 19-13185

BP EXPLORATION & PRODUCTION,                                 SECTION "F"
INC., ET AL.

ORDER AND REASONS

The pro se[1] plaintiff in this BELO case[2] claims that his assistance in the *Deepwater Horizon* clean-up effort exposed him to harmful substances which in turn caused him to develop multiple myeloma.  His theory is, of course, plausible in the abstract.

But as this Court, the Fifth Circuit, and at least nine other Sections of this Court have uniformly held with regard to BELO

---

[1] Following the plaintiff's deposition in this case, his counsel – presumably sensing defeat – withdrew.  On the same day, the Court stayed all discovery and motion practice for thirty days, or until the plaintiff obtained new counsel.  The plaintiff's thirty days to engage new counsel have come and gone, but no new counsel has appeared on his behalf.  As a result, the Court now considers the plaintiff a pro se litigant.  See Order Granting Mot. to Stay (June 7, 2021).

[2] The "BELO" acronym is a shorthand for the Back-End Litigation Option available to class members under a class action settlement BP reached with individuals in the plaintiff's position.  The BELO process provides a litigation vehicle to class members seeking compensation for "Later-Manifested Physical Conditions" which were not immediately apparent at the time of settlement.

1

plaintiffs in the plaintiff's position, "[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on causation." Baptiste v. BP Expl. & Prod., Inc., 2020 WL 2063678, at *3 (E.D. La. Apr. 29, 2020); see also McGill v. BP Expl. & Prod., Inc., 830 F. App'x 430, 434 (5th Cir. 2020) (per curiam).

Because the plaintiff has failed to identify a causation expert in this case,[3] he cannot meet his burden of proof and the defendants are entitled to judgment as a matter of law. See, e.g., Baptiste, 2020 WL 2063678, at *3.

Accordingly, IT IS ORDERED: that the defendants' motion for summary judgment is GRANTED.  The plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, August 4, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff's deadline for doing so was June 18, 2021.